NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUDELIA CARMELA OCHOA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-73791 Agency No. A206-571-864 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2019
Seattle, Washington

Before: GRABER and BERZON, Circuit Judges, and EZRA,** District Judge.

Petitioner Gudelia Carmela Ochoa seeks review of the Department of

Homeland Security's ("DHS") reinstatement of Petitioner's prior removal order,

the Washington Immigration Judge's ("IJ") agreement with a DHS asylum

officer's negative reasonable fear determination, and the New York IJ's decision to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

terminate Petitioner's proceedings.  For the reasons stated below, we deny in part and dismiss in part the petition.

1.  The reinstatement of the initial removal order was valid regardless of the validity of the initial removal order.  "Reinstatement of a prior removal order—regardless of the process afforded in the underlying order—does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies."  Morales-Izquierdo v. Gonzales, 486 F.3d 484, 497 (9th Cir. 2007) (en banc).  Under 8 U.S.C. § 1231(a)(5), a prior removal order is "reinstated from its original date" and the initial removal order "is not subject to being reopened or reviewed."  See Cuenca v. Barr, 941 F.3d 1213, 1218 (9th Cir. 2019) ("Section 1231(a)(5) establishes a process to expeditiously remove an alien who already is subject to a removal order, thereby denying the alien any benefits from his latest violation of U.S. law." (citation, brackets, and internal quotation marks omitted)).

2.  The Washington IJ's negative reasonable fear determination was supported by substantial evidence.   An alien must demonstrate "a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal."  8 C.F.R. § 208.31(c); see Andrade-Garcia v. Lynch, 828 F.3d 829, 832

2

(9th Cir. 2016). We must uphold the IJ's negative reasonable fear determination "unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. at 833 (quoting Ai Jun Zhi v. Holder, 751 F.3d 1088, 1091 (9th Cir. 2014)). No reasonable adjudicator would feel so compelled and, thus, we uphold the Washington IJ's decision.

3. Whatever the alleged imperfections in the New York proceedings, we do not have jurisdiction over them. Whatever may be the case where there is an ongoing immigration proceeding and a reinstatement of removal order, and the two pertain to the same event (such as the same border crossing), a pending proceeding does not preclude a reinstatement order triggered by a *different* border crossing— which is our case. That is, the proceedings here are not parallel or intertwined, but rather are separate and distinct. The proceeding in New York pertained to Petitioner's having crossed the border without inspection in 1993. The reinstatement here stems from Petitioner's illegally trying to cross the border again in mid-2016, after having done so in early 2016. The statutes authorize reinstatement in this situation, and we cannot reach the New York proceedings, whether they occurred before or after the reinstatement order.

**Petition DENIED IN PART and DISMISSED IN PART.**

3